PEDRO RODRIGUEZ, Respondent, v. SAMUEL COMSTOCK, Appellant.

No. 2001; July 19, 1870.

New Trial—Insufficiency of Evidence.—A Party Moving for a New Trial on the ground that the evidence was insufficient to support the findings must specify in his statement the respects in which the evidence failed of sufficiency.

Appeal.—Where There has Been a Substantial Conflict of Evidence the findings of the trial court will not be disturbed unless the evidence was insufficient to base them on.

APPEAL from Third Judicial District, Santa Cruz County.

R. F. Peckham for respondent; S. F. & L. Reynolds for appellant.

See Rodriguez v. Comstock, 24 Cal. 85.

CROCKETT, J.—If it be assumed that the findings of fact are correct and are in accordance with the proofs, it is clear

the conclusions of law are proper. The facts as found are, briefly, that in 1823 Sebastian Rodriguez was placed in possession of the rancho in contest by the Mexican authorities; that it is not true that at any time there was ever made or delivered by said authorities to said Sebastian and to Alexander Rodriguez, jointly, a concession or grant of said land or any part of it, nor the possession thereof, nor did they have a joint possession in any manner; that in 1827 Cooper entered as the tenant of Sebastian and surrendered the possession to him in 1831, at which time Sebastian entered into the sole and exclusive occupation, which continued until 1855; that whilst so in possession he invited said Alexander to occupy a portion of said lands; and that the only possession which Alexander ever had was by the license of Sebastian; that in 1834 Alexander preferred, before Governor Figueroa, a claim to some interest in said lands, by virtue of a pretended grant or concession alleged to have been made to himself, Sebastian and another brother in 1823, but such right was never recognized by any of the Mexican officials; that the assertion of such right by Alexander produced a difficulty between him and Sebastian, which led to the removal of Alexander from the ranch in 1836, and from thence until his death, in 1848, Alexander never possessed or occupied any portion of it or made any further pretensions to an interest therein; that in 1836 Alexander was a partizan of Guiterrez, then the governor of California, and complained to him that he had no part in said ranch, and the governor thereupon told Sebastian that if he did not petition for said ranch jointly with Alexander, "he should lose it for all time to come"; that, influenced by this fear, Sebastian united with Alexander, in 1836, in a petition to the governor for a grant to the two jointly; that said petition was referred to the ayuntamiento of Monterey for a report, but no further action was ever had by the governor on said petition, and no grant or concession was ever made or issued, or ordered to be made or issued, to the two jointly; that in 1837 Sebastian petitioned Alvarado, who was then the governor, for a grant to him of the said ranch, whereupon the governor signed and issued a decree reciting the petition and declaring that he acceded to it; that in pursuance of said decree the judicial possession was delivered to Sebastian in November, 1837; that in 1852 Sebastian presented his petition to the land

commission for a confirmation of his title, founded upon the petition to Alvarado, his decree on the petition and the judicial possession under it; that the claim was finally confirmed and a patent for the land was duly issued to Sebastian in 1860; that the defendants in the cross-complaint have the title of Sebastian under the patent and the decree of confirmation, and the defendants in the original action, Comstock and others, have succeeded by mesne conveyances to one undivided sixth part of whatsoever pretended interest, the said Alexander had in and to said ranch, but, in fact, he never had any interest therein; that no claim or assertion of title to any portion of the ranch by said Alexander, or by any person claiming under him, has ever been confirmed or recognized by the United States; that no false or fraudulent representations were made by Sebastian or on his behalf to Alvarado to induce him to make the decree of 1837; and that in obtaining the patent Sebastian had no relations of trust or confidence toward the said Alexander, or any person claiming under him, nor was he guilty of any fraud, concealment or misrepresentation in procuring the confirmation and patent.

If these be the facts, it is too plain to admit of discussion not only that the title was in Sebastian, and is now in those deraigning title under him, but also that Alexander and those claiming under him have no equities which entitle them to relief, nor any title which a court of justice will recognize. But it is claimed by counsel that the findings are not supported by the evidence, and that a new trial should be granted on this ground. But we have a grave doubt whether the appellants are in a condition to raise this question on this appeal. On the motion for new trial, they failed to specify wherein the evidence was insufficient to support the judgment, except by a vague reference to the exceptions to the findings; and we are not inclined to encourage so loose a practice. It would, however, be a profitless task to analyze the evidence in order to ascertain on which side it preponderates. It suffices to say on this point that in the most favorable view that can be taken of it for the appellants there is a substantial conflict in the evidence; and after a careful examination of it, our impression is that the findings are fully supported by it. But however this may be, it is indisputable that there is, at least, a substantial conflict in it; and in such cases we never disturb the

findings on the ground that they were not justified by the evidence.

Judgment affirmed.

We concur: Sprague, J.; Temple, J.; Rhodes, C. J.

Mr. Justice Wallace, being disqualified, did not participate in the decision.